UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 17-11453-RWZ

JEAN PAUL LEMIEUX

v.

NANCY A. BERRYHILL,
*Acting Commissioner of the Social Security Administration*

MEMORANDUM OF DECISION

August 29, 2018

ZOBEL, S.D.J.

    Plaintiff Jean Paul Lemieux appeals from a final decision by the Acting Commissioner of Social Security ("the Commissioner") upholding the ruling of the Administrative Law Judge ("ALJ") that rejected plaintiff's application for Social Security Disability Insurance benefits. Plaintiff urges two grounds for remand: first, the ALJ discounted treating physician opinions with insufficient explanation; and second, the ALJ's basis for discrediting plaintiff's subjective allegations of pain is unclear.

    Pending before the court are plaintiff's motion to reverse or remand the decision of the Commissioner and defendant's motion for an order affirming that decision. For the reasons that follow, the decision of the Commissioner will be remanded.

**I.     Background**

Plaintiff is a 51-year old former pipefitter. He was laid off in January 2014 when hip and back pain diminished his job performance, and he thereafter underwent right hip replacement surgery. Although the surgery provided some initial relief, his pain persisted and complications ensued. Plaintiff filed an application for disability benefits on July 29, 2014, alleging disability beginning on December 20, 2013. His claim was first denied on October 30, 2014, and again upon reconsideration on April 27, 2015. Plaintiff requested a hearing before an ALJ, and a hearing at which the plaintiff and a vocational expert ("VE") testified was held on April 28, 2016.

**A.     Applicable Statutes and Regulations**

To receive Social Security disability benefits, a claimant must be "[unable] to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A). The impairment "must be of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(1)(A); see 20 C.F.R. § 416.905(a).

The ALJ analyzes whether a claimant is disabled using an established "five-step sequential evaluation process." See 20 C.F.R.§ 404.1520(a)(4)(i)–(v). Under this framework, the ALJ first determines whether the claimant is currently engaging in substantial gainful work activity. If not, then at step two, the ALJ decides whether he has a "severe" medical impairment or impairments, which means the impairment

"significantly limits [the claimant's] physical or mental ability to do basic work activities," id. § 404.1520(c). If the claimant has a severe impairment or impairments, then the ALJ considers, third, whether such impairments meet or equal an entry in the Listing of Impairments, 20 C.F.R. Part 404, Subpart P, Appendix 1, together with the duration requirement. If so, then the claimant is considered disabled and the analysis ends. If not, before moving to step four, the ALJ must determine the claimant's residual functional capacity ("RFC"), which is "the most [a claimant] can still do despite [his] limitations," id. § 404.1545(a)(1). At step four, the ALJ determines whether the RFC allows him to perform his past relevant work. If the claimant has the RFC to perform his past relevant work, he is not disabled. If the claimant does not, then the ALJ decides, at step five, whether he can do other work in light of his RFC, age, education, and work experience. If the claimant can, he is not considered disabled; otherwise, he is. "Once the applicant has met his or her burden at Step 4 to show that he or she is unable to do past work due to the significant limitation, the Commissioner then has the burden at Step 5 of coming forward with evidence of specific jobs in the national economy that the applicant can still perform." Seavey v. Barnhart, 276 F.3d 1, 5 (1st Cir. 2001); see also 20 C.F.R. §§ 404.1512(b), 404.1560(c)(2).

B.     **The Initial Rejection and the ALJ's Decision**

In his June 15, 2016 written decision, the ALJ's five-step analysis concluded that plaintiff was not disabled under the Social Security Act.[1] First, the ALJ found that plaintiff had not engaged in substantial gainful activity since his alleged onset

---

[1] The ALJ noted that plaintiff had acquired sufficient quarters of coverage to remain insured through June 30, 2019. Thus to be eligible for benefits, he must demonstrate that he was disabled on or prior to this date. See Fischer v. Colvin, 831 F.3d 31, 32 (1st Cir. 2016); see also 20 C.F.R. § 404.131.

date of December 20, 2013. Second, he determined that plaintiff had three severe impairments: osteoarthritis, degenerative disc disease, and obesity. See 20 C.F.R. § 404.1520(c) (requirement of severe impairment). Third, the ALJ concluded that plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1. R.[1] 14. Before moving to step four, the ALJ determined plaintiff's RFC:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except that the claimant is limited to standing/walking for 2 hours in an 8-hour day; never climbing ropes, ladders, and scaffolds; occasionally climbing ramps and stairs; and occasionally balancing, crawling, stooping, kneeling, and crouching. The claimant must avoid extreme temperatures and hazards such as moving machinery, unprotected heights, and slippery/wet/uneven surfaces.

Id.

At the fourth step, the ALJ concluded based on the VE's testimony that plaintiff was unable to return to his past relevant work as a pipefitter. At step five, again relying on the VE's testimony, he found that, "considering [plaintiff's] age, education, work experience, and residual functional capacity, there were jobs that existed in significant numbers in the national economy that [plaintiff] could have performed." Id. at 22. The VE had testified that plaintiff would have been able to perform representative occupations such as bench assembler, hand packager/inspector, and parking lot attendant — all light work jobs. Id. at 23. Accordingly, the ALJ concluded that the claimant was not disabled. Id.

---

[1] "R." refers to the Social Security administrative record, which was filed in this appeal at Docket # 13.

**C.     The Appeal**

Plaintiff appealed the ALJ's decision to the Social Security Administration's Appeals Council, which denied review on June 13, 2017.  The ALJ's decision then became the final decision of the Commissioner, and plaintiff brought this case under 42 U.S.C. § 405(g), seeking reversal thereof.

**II.    Standard of Review**

The Commissioner's findings of fact are conclusive if based on the correct legal standard and supported by substantial evidence.  42 U.S.C. § 405(g); Seavey, 276 F.3d at 9.  Substantial evidence includes "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)).  So long as the Commissioner's determinations are "supported by substantial evidence," they must be affirmed, "even if the record arguably could justify a different conclusion."  Rodriguez Pagan v. Sec'y of Health & Human Servs., 819 F.2d 1, 3 (1st Cir. 1987) (per curiam).  Further, resolving credibility issues "and the drawing of permissible inference from evidentiary facts are the prime responsibility of the [Commissioner]."  Rodriguez v. Sec'y of Health & Human Servs., 647 F.2d 218, 222 (1st Cir. 1981) (quoting Rodriguez v. Celebrezze, 349 F.2d 494, 496 (1st Cir. 1965)).  Questions of law are reviewed de novo.  Seavey, 276 F.3d at 9.

**III.   Discussion**

Plaintiff argues that the ALJ's decision is unsupported by substantial evidence for two reasons.  First, he contends that the ALJ failed to explain sufficiently the weight given to the medical opinions of plaintiff's treating physicians.  Second, he questions the

ALJ's basis for discrediting his subjective allegations of pain. I address each argument in turn.

### A. Weight Accorded Treating Physician Opinions

Citing the general rule that a treating physician's opinion is accorded deference, plaintiff argues essentially that the ALJ erred in rejecting the limitations assessed by his hip replacement surgeon, Dr. Michael Langworthy, and his primary care physician, Dr. David Chesney. Both treating physicians opined that plaintiff could sit for one hour at a time for a total of one hour in an eight-hour day, and stand for 20 minutes at a time for a total of 20 minutes in an eight-hour day. The ALJ's RFC ultimately included a two-hour standing limitation, but no sitting limitation.

The opinions of treating physicians "are ordinarily accorded deference in Social Security disability proceedings." Richards v. Hewlett–Packard Corp., 592 F.3d 232, 240 n. 9 (1st Cir. 2010). This is because treating physicians are best situated to offer "a detailed, longitudinal picture . . . and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations." 20 C.F.R. § 404.1527(c)(2). A treating source opinion that is well-supported by objective evidence and not inconsistent with the record is accorded "controlling weight." Id. "If not 'controlling,' the treating opinion must still be evaluated against six criteria in order to fulfill the mandate that the ALJ 'always give good reasons' when determining the weight a treating opinion deserves." Santana v. Colvin, No. 15-CV-13232-IT, 2016 WL 7428223, at *3 (D. Mass. Dec. 23, 2016); see 20 C.F.R. § 404.1527(c) (identifying relevant criteria as the length and frequency of the treatment

relationship; the nature and extent of the treatment relationship; the amount of evidence offered in support of the treating relationship's opinion; the treating opinion's consistency with the overall record; the treating source's specialization; and other factors which tend to support or contradict the opinion).

An ALJ is nonetheless "entitled to resolve conflicts in the record, and may reject the opinion of the treating physician so long as an explanation is provided and the contrary finding is supported by substantial evidence." Tetreault v. Astrue, 865 F. Supp. 2d 116, 125 (D. Mass. 2012) (citations omitted); see Bourinot v. Colvin, 95 F. Supp. 3d 161, 177 (D. Mass. 2015) (remand not required where it can be ascertained from the entire record and the ALJ's opinion that the ALJ applied the substance of the treating physician rule). However, "even when an ALJ does provide reasons for discounting a treating source opinion, remand is proper if those reasons are 'unpersuasive' or 'significantly flawed.'" Santana, No. 15-CV-13232-IT, 2016 WL 7428223, at *3 (quoting Johnson v. Astrue, 597 F.3d 409, 411-12 (1st Cir. 2009)).

Here, the ALJ accorded "significant probative weight" to the opinions of Drs. Langworthy and Chesney, but only to the extent he deemed them consistent with the RFC. R. 21. As a threshold matter, this was improper. Cabral v. Colvin, No. 12-cv-11757-FDS, 2013 WL 4046721, at *8 (D. Mass. Aug. 6, 2013) ("finding statements that support the RFC credible and disregarding statements that do not turns the credibility determination process on its head" (internal quotations and citations omitted)).

Without citation to the record, the ALJ then rejected Dr. Langworthy and Dr. Chesney's assessments of plaintiff's exertional limitations as "not supported by or consistent with the physical and neurological examinations of record, the claimant's

7

treatment history, or his activities of daily living." R. 21.  He did not elaborate or identify any particular inconsistency.

The Commissioner points to the Tetreault case for the proposition that the ALJ was free to discount treating source opinions in the face of conflicting evidence.  See Docket # 24, at 14 (citing Tetreault, 865 F. Supp. 2d at 121).  The plaintiff in that case similarly suffered from chronic back pain, and like Lemieux experienced some relief from epidural steroid injections.  In contrast with the instant case, however, the ALJ in Tetreault justified his rejection of a treating source opinion by identifying an "obvious discrepancy" between plaintiff's subjective complaints and "a benign objective examination." Id. at 123–24.  The court also reasoned that the rejection was permissible where "the results of plaintiff's assessments var[ied] significantly." Id. at 123.

The same variability is notably absent here.  Drs. Langworthy and Chesney assessed identical limitations, grounded in plaintiff's bilateral hip osteoarthritis and degenerative disc disease.  Consistent with those findings, pain clinician Dr. Allison Gorski recorded "decreased range of motion lumbar spine in flexion and extension; tenderness to palpation over lumbar-sacral spine; straightening of lumbar lordosis; and paraspinal muscle spasm" in June 2014, followed in October 2015 by "tenderness of the lumbar paraspinal bilaterally; tenderness to palpation over the left hip, and positive straight leg raise." R. 17.  In October 2014, Disability Determination Services (DDS) consultative examiner Dr. Anis Rahman also observed moderate paraspinal muscle spasm, positive straight-leg raise, and continued right hip pain.  R. 18.  In January 2015, neurologist Dr. Michael Harrison similarly found tenderness to palpation of the right hip

and observed plaintiff to walk with a limp; the lumbar spine MRI he obtained confirmed degenerative changes and nerve root impingement. Id.  Drs. Gorski, Rahman, and Harrison offered no opinion as to plaintiff's exertional limitations.

The non-treating state agency medical consultants (Dr. Palmeri initially, and Dr. Goswami on reconsideration) found that plaintiff could sit, stand, and walk for six hours in an eight-hour day, but it is not clear from the ALJ's decision how he reconciled that limitation with the other opinion evidence.  This is particularly so where Drs. Palmeri and Goswami both found plaintiff's statements about the intensity, persistence, and functionally limiting effects of symptoms to be substantiated by the medical evidence, and where neither doctor reviewed the opinions of Drs. Langworthy and Chesney. See R. 77, R. 88.

Nor do plaintiff's activities of daily living ("ADLs") furnish the inconsistencies to which the ALJ alludes.  As recited by the ALJ,

> [plaintiff] and his wife became foster parents to his great niece.  He is able to manage his own personal care and prepare simple meals.  He reported that some activities take a little longer to perform, like dressing himself.  He takes his great niece to school.  He helps her with school work.  He watches television.  He is able to drive.  He goes to visit his mother.  He has a smart phone, and he uses that to set up reminders for himself.  He reported that he makes his bed and lets the dog in and out. He goes shopping in stores for food and clothing.  He can manage his own finances. He does a little bit of gardening, and his wife helps with this.  He reported that his friends come over to visit him.  He attends his medical appointments.

R.19 (citing Exhibit 8E, Adult Function Report Dated 3/18/15).  None of the above activities, however, are facially inconsistent with the treating source opinions that plaintiff could not sit for more than an hour or stand for more than twenty minutes in an eight-hour day.  Plaintiff's own descriptions of his ADLs do reveal occasional

discrepancies (see Exhibit 4E at R. 192–99, Adult Function Report Dated 8/18/14, noting, e.g., playing cards with his mother "for an hour," weeding "for about ½ hr.," sitting for "[no] more than 3 hours" when watching TV), but these estimates do not alone amount to substantial evidence — especially given that they are raised now in the Commissioner's brief rather than relied upon in the ALJ's decision. At the very least, where all sources — treating physicians, state agency medical consultants, and plaintiff himself — agree that some sitting limitation is warranted, the RFC's unexplained omission of any such limitation is unsupported.

Where the record thus lacks substantial inconsistencies with the treating source opinions, their rejection requires a more fulsome explanation. I remand for that purpose. See Johnson v. Astrue, 597 F.3d at 413 (ordering remand where ALJ's reasons for according "little weight" to treating source opinion were unpersuasive).

**B. Subjective Reports of Pain**

As with the treating source opinions discussed above, the ALJ similarly found plaintiff's allegations of pain not fully supported by medical evidence, treatment history, or reported ADLs. Accordingly, he concluded that plaintiff's "pain symptoms affecting his low back and hips cause no more than moderate limitations," and that plaintiff therefore retained the ability to meet the demands of light work as described in the RFC.

The ALJ's assessment of a plaintiff's claims of pain and its effect on his ability to work must account for what are known as the "Avery factors":

> (1) [t]he nature, location, onset, duration, frequency, radiation, and intensity of pain; (2)[p]recipitating and aggravating factors (e.g., movement, activity, environmental conditions); (3)[t]ype, dosage, effectiveness, and adverse side effects of any pain medication; (4)[t]reatment, other than medication, for pain relief; (5)[f]unctional restrictions; and (6)[t]he claimant's daily activities.

Avery v. Sec'y of Health & Human Servs._,_ 797 F.2d 19, 29 (1st Cir. 1986); see 20 C.F.R. § 404.1529; see also SSR 96–7P.  In assessing these factors, "an ALJ should not reject subjective allegations of pain solely because they are inconsistent with the medical record."  Cabral, No. 12-cv-11757-FDS, 2013 WL 4046721, at *8.  Although the ALJ's credibility determination warrants deference, "[he] must make specific findings as to the relevant evidence he considered in determining to disbelieve the appellant." Da Rosa v. Sec'y of Health & Human Servs._,_ 803 F.2d 24, 26 (1st Cir.1986); see Bazile v. Apfel_,_ 113 F. Supp. 2d 181, 187 (D. Mass. 2000) ("[g]eneral findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints.").

      As summarized by the ALJ, plaintiff's hearing testimony was that he was unable to work due to bilateral hip pain and numbness in the bottom of his feet; that pain radiates down through his knees and into his feet; prolonged standing considerably increases his pain; and pain interferes with his sleeping and memory.  R. 15.  The ALJ discredited this testimony as not wholly consistent with the medical evidence, treatment history, and ADLs.

      As discussed above, however, the medical record is replete with objective corroboration of plaintiff's reported symptoms.  Lumbar spine MRIs confirmed nerve root impingement and further disc degeneration, and multiple physicians — including the DDS examiner — observed paraspinal muscle spasm, positive straight leg raise, and paresthesia to the lower extremities.  See 20 C.F.R. § 404.1529 (objective medical evidence, including of "reduced joint motion, muscle spasm, sensory deficit or motor disruption," "is a useful indicator to assist us in making reasonable conclusions about

the intensity and persistence of your symptoms and the effect those symptoms, such as pain, may have on your ability to work."). The ALJ failed entirely to consider that plaintiff's hip replacement surgery caused a discrepancy in his leg lengths, which affected his gait and exacerbated his pain.

The treatment history to which the ALJ cites also does not elucidate his credibility determination. Immediately following the hip replacement surgery, plaintiff reported that he was pleased with the outcome; x-rays showed stable position and no loose hardware. These x-rays were in part taken, however, to investigate the cause of the persistent pain plaintiff continued to experience post-surgery. See, e.g., R.397 (Dr. Langworthy treatment note dated October 15, 2014 indicating plaintiff's "continuing pain in the right hip, more posterolateral buttock area, however I think this is related to his back so we are going to image the right hip to ensure that there has not been loosening of the components."). The fact that the hardware had not malfunctioned hardly resolves the issue of pain. Similarly, plaintiff's significant relief with epidural steroid injections is not dispositive where such relief is temporary and incomplete. Moreover, as in Cabral, there is no indication that any of plaintiff's physicians doubted either his claimed disabilities or allegations of pain. Cabral, No. 12-cv-11757-FDS, 2013 WL 4046721, at *9. Quite to the contrary, as mentioned above, both state agency medical consultants found plaintiff's statements about the intensity, persistence, and functionally limiting effects of symptoms to be substantiated by the medical evidence.

Finally, as also discussed in section III(A) above, plaintiff's ADLs are not inconsistent with the pain and limitations alleged. He reported that it takes him longer to dress and make the bed, that he has trouble cleaning his feet, and that he shops with

his wife so she can take over when he gets too tired.  "A little bit of gardening," with his wife's assistance, does not undermine the severity of symptoms alleged, nor does the ability to drive short distances, host occasional guests, or use a smart phone.

I thus conclude that the ALJ's credibility determination is not supported by substantial evidence, and remand for the ALJ to make specific findings as to which claims of pain are incredible in light of the <u>Avery</u> factors.

## IV.   Conclusion

For the foregoing reasons, the defendant's motion for an order to affirm the decision of the Commissioner (Docket # 23) is denied, and plaintiff's motion for an order to remand the decision of the Commissioner (Docket # 18) is granted.  This matter is hereby remanded to the Social Security Administration for further proceedings consistent with this opinion.  Judgment may be entered accordingly.

    August 29, 2018                                         /s/Rya W. Zobel
           DATE                                                    RYA W. ZOBEL
                                                                      SENIOR UNITED STATES DISTRICT JUDGE